T.C. Memo. 2015-57

UNITED STATES TAX COURT

ORLANDO L. ROBINSON AND TRACEY L. ROBINSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8452-13L.                    Filed March 25, 2015.

Orlando L. Robinson and Tracey L. Robinson, pro sese.

<u>Jonathan E. Behrens</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioners

seek review pursuant to section 6330(d)(1)[1] of the determination by the Internal

_____

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times.  All Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

[*2] Revenue Service (IRS or respondent) to uphold a notice of intent to levy. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his decision to sustain the collection action was proper as a matter of law. We agree and will grant the motion.

Background

Petitioners did not respond to the motion for summary judgment. The following uncontroverted facts are derived from the petition, the exhibits attached to the summary judgment motion, and respondent's other filings in this case. See, e.g., Ulloa v. Commissioner, T.C. Memo. 2010-68. Petitioners resided in New Jersey when they petitioned this Court.

Petitioners work in the financial services industry. They filed a joint Federal income tax return for 2008 reporting a tax liability of $35,175, of which $28,365 was satisfied by withholding. Petitioners enclosed no payment with the return. The IRS assessed the tax plus applicable penalties and interest.

In an effort to collect the unpaid liability, the IRS sent petitioners a Final Notice of Intent to Levy and Notice of Your Right to a Hearing. Petitioners requested a CDP hearing, indicating that they did not dispute their tax liability for 2008 but desired an installment agreement. After conducting the hearing, the set-

[*3] tlement officer (SO) determined that petitioners were not eligible for an installment agreement. He sustained the collection action, and petitioners timely sought review in this Court.

After filing his answer, respondent ascertained that the administrative file was incomplete. He accordingly moved to remand the case for a supplemental hearing before the IRS Appeals Office. We granted that motion on November 22, 2013, and a supplemental CDP hearing was scheduled for January 15, 2014.

Before the hearing the SO reviewed petitioners' Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, which disclosed certain real estate assets. During the hearing petitioners confirmed that they owned three real estate properties with a combined equity of approximately $70,000. The SO advised petitioners that, in order to be eligible for an installment agreement, they had to first apply the equity in their real estate toward their outstanding tax liabilities.

Petitioners stated that they had listed one property for sale but received no offers. The SO noted that petitioners' asking price for this property was 25% higher than what their Form 433-A showed to be its fair market value; moreover, they listed the property on a self-service real estate listing Web site and made no effort to list the property elsewhere or employ a broker. On the basis of these

**[*4]** facts, the SO concluded that petitioners had not made a good-faith effort to sell the property. Because petitioners were unwilling to liquidate any of their real estate, the SO informed them that he could not approve an installment agreement. Accordingly, on February 19, 2014, the IRS issued a supplemental notice of determination sustaining the proposed levy.

On June 19, 2014, respondent moved for summary judgment, and the Court ordered petitioners to file a response to this motion by August 24, 2014. The order advised petitioners that "under Tax Court Rule 121(d), judgment may be entered against a party who fails to respond to a Motion for Summary Judgment." Petitioners have not responded either to the motion or to the Court's order.

## Discussion

A.    Summary Judgment and Standard of Review

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Under Rule 121(b) the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520, (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the

**[\*5]** light most favorable to the nonmoving party. However, the nonmoving party "may not rest upon the mere allegations or denials" of his pleadings but "must set forth specific facts showing that there is a genuine dispute for trial." Rule 121(d).

Petitioners were ordered to respond, but failed to respond, to the motion for summary judgment. Although their petition challenged the original notice of determination, they have made no filing that the Court could construe as alleging any error in the supplemental notice of determination that is currently before us for review. We would be amply justified in entering decision against petitioners for these reasons alone. See Rules 121(d), 331(b)(4); Drake v. Commissioner, T.C. Memo. 2006-151, 92 T.C.M. (CCH) 37, 40 n.9, aff'd, 511 F.3d 65 (1st Cir. 2007).

We will nevertheless consider the case on its merits. We find that there exist no disputes of material fact and that the case is appropriate for summary adjudication. Where (as here) taxpayers do not dispute their underlying tax liability, the Court reviews the IRS' determination for abuse of discretion. Goza v. Commissioner, 114 T.C. 176, 182 (2000). An abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

**[*6]** B.     Analysis

In deciding whether the SO abused his discretion we consider whether he:
(1) properly verified that the requirements of applicable law and administrative
procedure have been met; (2) considered any relevant issues petitioners raised; and
(3) determined whether the proposed collection action "balances the need for the
efficient collection of taxes with the legitimate concern of the person that any col-
lection action be no more intrusive than necessary."  Sec. 6330(c)(3).

We find that the SO conducted a thorough review of petitioners' account
transcripts and verified that the requirements of applicable law and administrative
procedure were followed.  We further conclude that the SO balanced the need for
the efficient collection of taxes with petitioners' legitimate concern that the collec-
tion action be no more intrusive than necessary.  We need only discuss whether the
SO fairly considered the issues petitioners raised.

The taxpayer may raise at a CDP hearing relevant issues relating to the col-
lection action, including offers of collection alternatives.  See sec. 6330(c)(2)(A).
Petitioners' hearing request stated their intention to propose an installment agree-
ment.  Section 6159 authorizes the IRS to enter into a written agreement allowing
a taxpayer to pay a tax liability in installments if it concludes that the "agreement
will facilitate full or partial collection of such liability."  The IRS has discretion to

**[\*7]** reject a proposed installment agreement (subject to certain restrictions when the liability is below $10,000). See Thompson v. Commissioner, 140 T.C. 173, 179 (2013); sec. 301.6159-1(a), (c)(1)(i), Proced. & Admin. Regs. This Court gives due deference to the determinations the IRS makes in the exercise of this discretionary authority. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Marascalco v. Commissioner, T.C. Memo. 2010-130, aff'd, 420 Fed. Appx. 423 (5th Cir. 2011). We will not substitute our judgment for that of the IRS, recalculate a taxpayer's ability to pay, or independently determine what would be an acceptable collection alternative. See Thompson, 140 T.C. at 179; O'Donnell v. Commissioner, T.C. Memo. 2013-247.

It is not an abuse of discretion for a settlement officer to rely on guidelines requiring taxpayers, in the absence of special circumstances such as old age, ill health, or economic hardship, to liquidate assets in order to qualify for an installment agreement. See Eichler v. Commissioner, 143 T.C. __, __ (slip op. at 16-17) (July 23, 2014); Internal Revenue Manual pt. 5.14.1.4 (5) and (6) (June 1, 2010) ("Taxpayers do not qualify for installment agreements if balance due accounts can be fully or partially satisfied by liquidating assets[.]"). The SO concluded that petitioners were ineligible for an installment agreement after determining that they could fully or partially satisfy their tax liabilities by liquidating or borrowing

[*8] against their assets (approximately $70,000 of equity in real estate).  See Hosie v. Commissioner, T.C. Memo. 2014-246 (finding no abuse of discretion when settlement officer denied an installment agreement because the taxpayers failed to liquidate assets).

Petitioners made no showing of ill health or economic hardship.  And their alleged inability to sell their real estate due to a lack of offers is not a "special circumstance" warranting exceptional relief.  As the SO noted, petitioners made a very limited effort to sell the property, and their asking price significantly exceeded their own estimate of its fair market value.  The SO did not abuse his discretion in determining that petitioners had not made a good-faith effort to liquidate assets and thus did not qualify for an installment agreement.  Finding no abuse of discretion in any respect, we will sustain the proposed collection action.

To reflect the foregoing,

An appropriate order and decision will be entered.