T.C. Memo. 2016-191

UNITED STATES TAX COURT

ROBERT TALBOT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26598-14L.                         Filed October 17, 2016.

Robert Talbot, pro se.

<u>Gregory M. Hahn</u>, <u>Lisa M. Oshiro</u>, and <u>William D. Richard</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  This case was commenced in response to two Notices of Determination Concerning Collection Action(s) under section 6320 and/or 6330 (notice of determination).  The first notice of determination sustained the filing of a notice of Federal tax lien (NFTL) and proposed levies to collect petitioner's 2001 and 2003-2005 income tax liabilities.  The second notice of determination

**[\*2]** sustained the filing of an NFTL regarding petitioner's 2007-2009 income tax liabilities.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times. All monetary amounts are rounded to the nearest dollar.

The issues for consideration are: (1) whether petitioner may challenge his underlying tax liabilities for the years at issue and (2) whether respondent's determination to proceed with the collection actions regarding petitioner's unpaid income tax liabilities and penalties for the years at issue was proper.

FINDINGS OF FACT

Some of the facts are stipulated and are so found. We incorporate by reference the stipulation of facts and the attached exhibits. Petitioner did not file Federal individual income tax returns for tax years 2001, 2003-2005, and 2007-2009. Pursuant to section 6020(b) the Internal Revenue Service (IRS) prepared substitutes for returns for tax years 2001, 2003-2005, and 2007-2009. Petitioner resided in Alaska when he timely filed his petition.

Petitioner's Mailing Addresses

Petitioner resided at three different addresses within the same ZIP Code in Wasilla, Alaska. From 2001 to October 2011 petitioner resided on Wanamingo

[*3] Drive. On October 3, 2011, the IRS received a letter from petitioner indicating that his new address was on Nelson Avenue. On January 19, 2012, the IRS received another letter from petitioner indicating that his new mailing address was 452 Knik Goose Bay Road (Goose Bay Road). Since January 2012 petitioner has used the Goose Bay Road address as his mailing address.

Notices of Deficiency

Tax Years 2001, 2003-2005

On January 12, 2009, respondent sent petitioner a notice of deficiency for tax year 2003, a notice of deficiency for tax year 2004, and a notice of deficiency for tax year 2005. On November 6, 2009,[1] respondent sent petitioner a notice of deficiency for tax year 2001. Respondent addressed each notice of deficiency to petitioner at the mailing address maintained on the date that the notice was mailed. These notices were all mailed to the Wanamingo Drive address.

For the notice of deficiency related to petitioner's 2001 tax year, respondent completed a PS Form 3877, which shows that the notice was mailed by certified mail to petitioner's Wanamingo Drive address. The PS Form 3877 bears a stamp from the Denver, Colorado, U.S. Postal Service (USPS) office and the signature of

---

[1]The copy of the notice of deficiency for 2001 does not show a date of mailing. Respondent produced a properly completed PS Form 3877 showing that the notice was mailed on November 6, 2009.

**[*4]** the USPS Postmaster and lists the number of pieces of mail received at the USPS office.

For the notices of deficiency related to petitioner's 2003-2005 tax years, respondent prepared a Substitute USPS Form 3877 (IRS certified mailing list). The IRS certified mailing list shows that the notices were mailed by certified mail to petitioner's Wanamingo Drive address. It bears a stamp and signature from the IRS office in Ogden, Utah, and the same date and tracking number as the corresponding notices of deficiency.

Tax Years 2007-2009

On March 20, 2012, respondent issued to petitioner a notice of deficiency for tax years 2007-2009. Respondent addressed the notice to petitioner's Goose Bay Road address, the address petitioner maintained on the date the notice was mailed.

For the notice of deficiency related to petitioner's 2007-2009 tax years, respondent filled out an IRS certified mailing list, which shows that the notice of deficiency was mailed by certified mail to 425 Knik Goose Bay Road. The IRS certified mailing list bears a stamp from the Seattle, Washington, USPS office and the signature of the USPS Postmaster and lists the numbers of pieces of mail received by the USPS office.

**[*5]** The IRS case activity report also shows that respondent sent a notice of deficiency related to petitioner's 2007-2009 tax years to 425 Knik Goose Bay Road. An IRS field internal revenue agent group manager for Alaska and Tacoma, Washington, testified that the IRS generally issues notices in windowed envelopes so that the address on a notice of deficiency is the address where the USPS would attempt to deliver the notice. She testified that the "window on the envelope is designed to fit where the address comes out on specific letters or on specific reports so that nobody has to retype an envelope."

None of the notices of deficiency was returned to the sender. Petitioner denies receiving any notices of deficiency for the years at issue. Petitioner did not file a petition with this Court in response to any of the notices of deficiency.

Petitioner's CDP Hearing Requests

On June 25, 2012, respondent sent petitioner a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing, regarding tax years 2003-2005. The Letter 1058 informed petitioner that he had to request a collection due process (CDP) hearing by July 25, 2012. On July 11, 2012, respondent sent a second Letter 1058 regarding petitioner's 2001 tax year. The second Letter 1058 informed petitioner that he had to request a CDP hearing by August 10, 2012.

**[*6]**  On July 19, 2012, respondent sent petitioner two Letters 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing under IRC 6320, for tax years 2001 and 2003-2005.  The Letters 3172 informed petitioner that respondent had filed an NFTL with respect to 2001 and 2003-2005.  The Letters 3172 further informed petitioner that he had to request a CDP hearing by August 27, 2012.  On September 27, 2012, respondent sent petitioner an additional Letter 3172 for tax years 2007-2009.  This Letter 3172 informed petitioner that respondent had filed an NFTL for 2007-2009 and that petitioner had until November 5, 2012, to request a CDP hearing.

Petitioner timely filed three Forms 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request).  On July 25, 2012, petitioner filed his first CDP hearing request in response to respondent's notice of intent to levy to collect his 2003-2005 income tax liabilities.  On August 9, 2012, petitioner filed his second CDP hearing request in response to the notice of intent to levy to collect petitioner's 2001 income tax liabilities and the filed 2001 and 2003-2005 NFTL.  On November 5, 2012, petitioner filed his third CDP hearing request in response to the filed 2007-2009 NFTL.

In all three CDP hearing requests petitioner requested a face-to-face hearing at the Appeals Office closest to his residence and stated that he wished to address

**[\*7]** the following issues: (1) whether the IRS followed all proper procedures; (2) whether he was liable for the assessed tax; (3) whether he should be held liable for the penalties accrued; and (4) whether collection alternatives were available to him. Petitioner further stated that he wished to address the underlying liabilities, which he asserted he had not had a prior chance to contest.

Petitioner's CDP Hearings

First CDP Hearing

Respondent first responded to petitioner's third CDP hearing request. On May 20, 2013, respondent's settlement officer sent petitioner a letter scheduling a telephone CDP hearing for July 1, 2013. The letter explained that petitioner did not qualify for a face-to-face CDP hearing because he had not filed Federal income tax returns for 2007-2009 and had not provided requisite financial documentation for consideration of collection alternatives.

The letter further informed petitioner that he could not dispute his underlying tax liabilities because respondent had previously sent him a notice of deficiency for tax years 2007-2009. Since in his CDP hearing request petitioner alleged that he had not received a notice of deficiency, the letter requested that petitioner submit correct Federal income tax returns for 2007-2009 along with supporting documentation.

**[*8]**   The letter also requested that petitioner provide a completed Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and the following documentation:  (1) proof of latest payroll stubs and income for 2013; (2) bank statements for all accounts for the past six months; (3) asset and liability listings; (4) unfiled Forms 1040, U.S. Individual Income Tax Return, for 2006, 2010, 2012, and 2013;[2] and (5) proof of estimated tax payments for tax year 2013.  Petitioner was asked to provide the requested documents, make the requested payments, and file the missing tax returns by June 22, 2013.

On June 28 and July 31, 2013, petitioner sent correspondence to the settlement officer stating that he would be unable to participate in the telephone CDP hearing at the date and time chosen.  He reiterated his request for a face-to-face hearing.  He further stated that he had not received a notice of deficiency for 2007-2009.

On November 7, 2013, the settlement officer informed petitioner that he had not provided any documentation previously requested and that he had an additional 14 days to provide the requisite information for the settlement officer's

---

[2]The letter might have mistakenly requested a signed tax return for 2013, because the letter was sent in May 2013.  Nevertheless, our analysis remains unaltered.

[*9] consideration. Petitioner failed to provide the settlement officer with any of the requested information.

On March 5, 2014, respondent issued a notice of determination, sustaining the filed NFTL for tax years 2007-2009. In the notice of determination the settlement officer stated that he or she had verified that all requirements of applicable law and administrative procedure had been met. Specifically, the settlement officer noted that "Appeals has review[ed] the Certified mail listing to confirm [that] the Statutory Notice of Deficiency was sent by certified mail to you for your 2007, 2008, and 2009 audit assessments." The settlement officer did not review any other documentation or information to verify the validity of the assessments.

Second CDP Hearing

On November 7, 2013, respondent's settlement officer sent petitioner two letters scheduling a telephone CDP hearing for December 4, 2013. The letters mirrored the settlement officer's correspondence for the first CDP hearing. The letters informed petitioner that he did not qualify for a face-to-face CDP hearing because he had not filed income tax returns for 2001 and 2003-2005 and denied his request to dispute his underlying tax liabilities because respondent had previously mailed him notices of deficiency for tax years 2001 and 2003-2005.

**[*10]** Petitioner was asked to file his missing tax returns, provide requested financial documents, and make requested payment by December 2, 2013.

On December 9, 2013, petitioner faxed a letter to the settlement officer, stating that he would be unable to participate in the telephone CDP hearing. He reiterated his request for a face-to-face hearing. He further stated that he had not received a notice of deficiency for 2001 or 2003-2005.

On December 11, 2013, the settlement officer informed petitioner that he had not provided any documentation previously requested and that he had an additional 14 days to provide the information for the settlement officer's consideration. Petitioner failed to provide the settlement officer with any of the requested information.

On March 5, 2014, respondent issued a notice of determination, sustaining the filed NFTL and the proposed levies to collect petitioner's 2001 and 2003-2005 income tax liabilities. In the notice of determination the settlement officer verified that all requirements of applicable law and administrative procedure had been met. Specifically, the settlement officer noted that she had reviewed the certified mailing lists and copies of the notices of deficiency to verify that the notices of deficiency were properly mailed.

**[*11]** <u>Petitioner's Amended Petitions</u>

On April 7, August 13, September 25, and December 4, 2014, petitioner filed with this Court a petition and three amended petitions, respectively. Petitioner's third amended petition contends that: (1) because he did not receive any notices of deficiency for the years at issue, respondent erred by not allowing him to challenge the underlying tax liabilities; (2) respondent erroneously denied him face-to-face CDP hearings; (3) respondent erroneously denied him the opportunity to audio record the CDP hearings; (4) respondent failed to provide him "with any admissible evidence that would support respondent's claims to the alleged tax"; (5) he did not receive fair and impartial CDP hearings; and (6) respondent failed to meet all applicable requirements.

OPINION

I.     <u>Jurisdiction</u>

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within 10 days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must first notify the taxpayer of the Secretary's intent to levy. Sec. 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. Sec. 6330(a)(1).

[*12] Section 6320(a)(1) requires the Secretary to provide written notice to a taxpayer when the Secretary has filed an NFTL against the taxpayer's property and property rights. See also sec. 6321. Additionally, the Secretary must notify the taxpayer of his or her right to a CDP hearing. Sec. 6320(a)(3)(B) and (C).

If the taxpayer requests a CDP hearing, the hearing is conducted by the Appeals Office. Sec. 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. Sec. 6330(c)(2)(A). Once the settlement officer makes a determination, the taxpayer may appeal to this Court for review. Sec. 6330(d)(1).

## II. Petitioner's Underlying Tax Liabilities

Where the validity of the underlying tax liability is properly at issue, we review that matter de novo. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). A taxpayer may challenge the underlying tax liability during a CDP hearing if he or she did not receive a statutory notice of deficiency for such liability or did not otherwise have the opportunity to dispute such liability. Sec. 6330(c)(2)(B); see also Montgomery v. Commissioner, 122 T.C. 1, 9-10 (2004). The Court will consider an underlying tax liability on review only if the taxpayer properly raised the issue during the CDP hearing. Giamelli v. Commissioner, 129 T.C. 107, 115 (2007); see also sec.

[*13] 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.  A taxpayer did not

properly raise an underlying tax liability if the taxpayer failed to present the

settlement officer with any evidence regarding the liability after being given

reasonable time.  See sec. 301.6320-1(f)(2), Q&A-F3, Proced. & Admin. Regs.

Petitioner is not entitled to challenge his underlying tax liabilities for the

years at issue because he did not properly raise the underlying liabilities during his

CDP hearings.  Petitioner failed to present any evidence regarding the liabilities

after being given reasonable time.  For both his first and second CDP hearings,

petitioner had one month to file his missing tax returns, provide the requested

financial documentation, and make the requested payments.  After he missed the

initial deadlines, the settlement officer allowed petitioner an additional 14 days to

submit the requested information.  Petitioner failed to provide the settlement

officer with any of the requested information.  Petitioner did not meaningfully

challenge the underlying tax liabilities during his CDP hearings.  Id.

Consequently, petitioner's underlying tax liabilities are not before the Court.

 III.   Respondent's Administrative Determinations

Where the validity of the underlying tax liability is not properly at issue, we

review determinations by the Commissioner's Appeals Office for abuse of

discretion.  Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114

**[\*14]** T.C. at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The Court does not conduct an independent review and substitute its judgment for that of the settlement officer. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). If the settlement officer follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities. Link v. Commissioner, T.C. Memo. 2013-53, at \*12.

### A. First Notice of Determination

The first notice of determination sustained the filed NFTL and the proposed levies to collect petitioner's 2001 and 2003-2005 income tax liabilities. Petitioner contends that respondent did not meet the applicable requirements during his CDP hearings. Petitioner further contends that the settlement officer did not properly verify that the notices of deficiency were duly mailed before the assessment of tax.

Following a CDP hearing the settlement officer must determine whether to sustain the filing of the NFTL or the proposed levy. In making that determination, section 6330(c)(3) requires the settlement officer to consider: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the collection

[*15] actions balance the need for the efficient collection of taxes and the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See sec. 6320(c); see also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001); Diamond v. Commissioner, T.C. Memo. 2012-90, slip op. at 6-7.

As part of the duty to verify that the requirements of any applicable law or administrative procedure have been met, the settlement officer must verify that the IRS made a valid assessment. See secs. 6320(c), 6330(c)(1); Hoyle v. Commissioner, 131 T.C. 197, 202-203 (2008). An assessment is not valid unless it is duly preceded by the mailing of a notice of deficiency to the taxpayer's last known address. Sec. 6213(a). The validity of an assessment turns only on the mailing of a notice of a deficiency. United States v. Zolla, 724 F.2d 808, 810 (9th Cir. 1984).

Respondent asserts that respondent may rely on a presumption of official regularity to verify that a notice of deficiency was duly mailed to petitioner's last known address before assessment. We have held that exact compliance with PS Form 3877 or equivalent mailing procedures raises a presumption of official regularity in favor of the Commissioner and is sufficient, absent evidence to the contrary, to establish that a notice of deficiency was properly mailed. Coleman v. Commissioner, 94 T.C. 82, 91 (1990); see also Zolla, 724 F.2d at 810.

[*16] For tax years 2001 and 2003-2005 petitioner received mail at his Wanamingo Drive address. The settlement officer reviewed the IRS certified mailing lists and copies of the notices of deficiency to determine that the notices were correctly mailed to petitioner's last known address. The certified mailing lists showed that the notices were mailed by certified mail to petitioner's Wanamingo Drive address. The certified mailing lists bear a stamp and signature from the IRS office in Ogden, Utah, and the same date and tracking number as the corresponding notices of deficiency. The copies of the notices of deficiency also show petitioner's correct address. Respondent is entitled to a presumption of mailing absent evidence to the contrary. See Campbell v. Commissioner, T.C. Memo. 2013-57; Crain v. Commissioner, T.C. Memo. 2012-97.

Petitioner has not offered any evidence that the addresses to which the notices of deficiency were mailed were incorrect. Petitioner has offered only his own self-serving testimony that he did not receive the notices. See Campbell v. Commissioner, at *9 ("A taxpayer's self-serving testimony that he did not receive the notice of deficiency, standing alone, is generally insufficient to rebut the presumption."). For tax years 2001 and 2003-2005 we find that the settlement officer did not abuse her discretion by determining that the notices of deficiency were duly mailed to petitioner's last known address.

[*17] Petitioner contends that the settlement officer abused her discretion because she did not provide him with a face-to-face meeting.  CDP hearings are informal and do not require a face-to-face meeting.  Katz v. Commissioner, 115 T.C. 329, 337 (2000); see also sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs.  If no face-to-face hearing, telephone conference, or any other oral communication takes place, review of the documents in the case file will constitute the CDP hearing for purposes of section 6330(b).  Rivas v. Commissioner, T.C. Memo. 2012-20; sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs.

The record confirms that petitioner and the settlement officer exchanged a number of letters concerning petitioner's tax matters.  The settlement officer informed petitioner that he did not qualify for a face-to-face CDP hearing because he had not filed income tax returns for 2001 and 2003-2005 and had not provided the requisite financial documentation for consideration of collection alternatives.  After petitioner failed to file his returns, submit any of the requested documents, or call the settlement officer for a telephone CDP hearing, the settlement officer reviewed his file and determined that the filed NFTL and the proposed levies should be sustained.  We find that petitioner was provided a CDP hearing which complied with all applicable requirements and that it was not an abuse of discretion for the settlement officer to deny his request for a face-to-face hearing.

**[*18]** Petitioner argues that his CDP hearings were not fair and impartial. Section 6330(b)(3) provides that "[t]he hearing under this subsection shall be conducted by an officer or employee who has had no prior involvement with respect to the unpaid tax specified in subsection (a)(3)(A) before the first hearing under this section or section 6320." The settlement officer who conducted the first and second CDP hearings had no prior involvement in petitioner's tax matters for the tax years in issue. She also complied with the requirements of section 6330(c)(3). We find that petitioner received a fair and impartial CDP hearing.

Petitioner asserts that the settlement officer did not provide petitioner with any admissible evidence to support her determination. Section 6330(c)(1) does not require the settlement officer to rely on any particular document in satisfying the verification requirement and does not require that the Appeals officer actually give the taxpayer a copy of the verification upon which she relied. Craig v. Commissioner, 119 T.C. 252, 262 (2002).

Petitioner has failed to establish that the settlement officer did not properly determine that the requirements of any applicable law or administrative procedure had been met. We find that the settlement officer properly based her determination on the required factors. The settlement officer (1) verified that all legal and procedural requirements had been met, (2) considered the issues

[*19] petitioner raised, and (3) determined that the proposed collection action appropriately balanced the need for the efficient collection of taxes with the legitimate concern of petitioner that the collection be no more intrusive than necessary. The settlement officer's determination to allow collection of petitioner's income tax liabilities for tax years 2001 and 2003-2005 to proceed was not an abuse of discretion. We sustain the filed NFTL and respondent's proposed levy on petitioner's property.

B.    Second Notice of Determination

Respondent's second notice of determination sustained the filing of an NFTL regarding petitioner's 2007-2009 income tax liabilities. Petitioner argues that the settlement officer did not properly verify that the notices of deficiency were duly mailed before the assessments of tax. Specifically, petitioner asserts that the settlement officer abused her discretion because the address on the IRS certified mailing list that he reviewed is wrong.

On March 20, 2012, respondent purportedly mailed to petitioner a notice of deficiency for tax years 2007-2009 at his Goose Bay Road address. In the notice of determination the settlement officer noted that "Appeals has review[ed] the [IRS] [c]ertified mailing list to confirm" that the notice of deficiency for tax years 2007-2009 was sent by certified mail to petitioner's last known address. The IRS

**[*20]** certified mailing list incorrectly lists petitioner's address as 425 Knik Goose Bay Road. The defective IRS certified mailing list does not therefore entitle respondent to a presumption of mailing. See Crain v. Commissioner, slip op. at 13.

Respondent argues that a typographical error should not invalidate the assessment. Respondent contends that the IRS generally issues notices in windowed envelopes so that the address on a notice of deficiency is the address where the USPS would attempt to deliver the notice. Specifically, an IRS field internal revenue agent group manager for Alaska and Tacoma, Washington, testified that "the window on the envelope is designed to fit where the address comes out on specific letters or on specific reports so that nobody has to retype an envelope."

At a CDP hearing, however, the settlement officer "shall" verify that the requirements of all applicable law and administrative procedure have been followed. Sec. 6330(c)(1). One requirement of applicable law is the mandate of section 6213(a) that a notice of deficiency be duly mailed to the taxpayer's last known address before a deficiency may be assessed. If the Commissioner has not mailed a notice of deficiency, no collection of an assessment of the deficiency may

[*21] proceed.  Hoyle v. Commissioner, 131 T.C. at 199 (citing Freije v.

Commissioner, 125 T.C. 14, 36-37 (2005)).

The settlement officer relied solely on the IRS certified mailing list to

determine whether the notice was sent to petitioner's last known address.  There is

no evidence that the settlement officer reviewed any other documentation or

information to verify the validity of the assessments.  The address on the certified

mailing list is wrong.  It is therefore unclear whether a notice was sent to

petitioner's Goose Bay Road address.  The incorrect address was also included in

the IRS case activity report and several other places in the record, including the

notices of determination.  If the settlement officer had reviewed a copy of the

notice of deficiency, she might have noticed the address discrepancy.  The

settlement officer incorrectly determined that a notice of deficiency for tax years

2007-2009 was sent to petitioner's last known address before the assessment.  The

settlement officer's determination to proceed with the collection of petitioner's tax

liabilities for those years therefore was an abuse of discretion.  The filed NFTL for

2007-2009 is not sustained.

**[*22]** Any contention we have not addressed is irrelevant, moot, or meritless.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.