# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 1, 2011

No. 10-60746
Summary Calendar

Lyle W. Cayce
Clerk

RONALD F. MARASCALCO; REBECCA MARASCALCO,

Petitioners-Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee

Appeal from the Decision
of the United States Tax Court
USTC No. 5631-08

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Taxpayers Ronald F. and Rebecca Marascalco (the "Marascalcos") appeal
following the United States Tax Court's decision in favor of the Commissioner
of Internal Revenue (the "Commissioner") determining that the Commissioner's
settlement officer did not abuse her discretion in rejecting the Marascalcos'
proposed installment agreement as a collection alternative. Since the
underlying tax liability is not at issue, the Tax Court and this court review the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-60746
Summary Calendar

Commissioner's administrative determinations for an abuse of discretion. *Christopher Cross, Inc. v. United States*, 461 F.3d 610, 612 (5th Cir. 2006). And, we affirm.

The facts of the case are undisputed. The Marascalcos owed unpaid income taxes, penalties, and interest for the years 2003 to 2006. When the Commissioner notified them that a federal tax lien would be filed, the Marascalcos requested a Collection Due Process hearing afforded to them under 26 U.S.C. § 6320. During the hearing, the settlement officer proposed an installment agreement under which the Marascalcos would pay $7,700 per month for four years for a total of $369,466.00. The Marascalcos counter-offered by proposing to pay $4,429.00 per month for ten years for a total of $531,480.00, and to extend the statute of limitations on collections under 26 U.S.C. § 6502. The settlement officer informed the Marascalcos that based on her calculations of their disposable monthly income, the $7,700.00 per month was reasonable.[1] The Marascalcos made no other counter-proposal. The Commissioner's appeals office issued its determination that the tax lien was appropriate because (1) the Marascalcos had made no objection other than to proffer the alternative installment plan, (2) the alternative installment plan was not viable and would be rejected, (3) all requirements of law and administrative procedure had been met, and (4) in the absence of evidence of a viable alternative, a federal tax lien would best balance the government's interest in efficient collection of taxes with the taxpayer's interest that the collection action be no more intrusive than necessary.

---

[1] The Marascalcos also argue that the settlement officer incorrectly calculated their monthly expenses and income. However, since the Marascalcos have failed to argue to this court how the difference between the calculations—approximately $150.00 per month—would impact the Commissioner's ultimate decision, any arguments they might have made regarding the alleged discrepancy are waived. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 417 (5th Cir. 2009) ("[W]e deem this issue waived due to inadequate briefing.").

No. 10-60746
Summary Calendar

The Marascalcos then appealed the Commissioner's determination to the United State Tax Court. The Tax Court reviewed the Commissioner's Collections Due Process determination for an abuse of discretion. The Tax Court held *inter alia* that the settlement officer did not abuse her discretion when she refused the Marascalcos' alternative installment plan. In addition to the conclusions contained in the Commissioner's appeals office's determination, the Tax Court cited arguments presented by the Commissioner in its post-trial brief. The Commissioner argued that the Marascalcos' demonstrated pattern of non-payment weighed against allowing them to pay over a ten-year period because of the risk of additional accruals should their pattern of non-payment continue. The Tax Court held that there had been no abuse of discretion and entered its decision in favor of the Commissioner. The Marascalcos timely appealed the Tax Court's decision and we have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1).

1.    The Marascalcos first argue that the Commissioner's settlement officer abused her discretion when she refused the Marascalcos' alternate payment plan as evidenced by her lack of explanation underlying the determination. Section 6159(a) of the Tax Code states that "[t]he Secretary is authorized to enter into written agreements with any taxpayer under which such taxpayer is allowed to make payment on any tax in installment payments if the Secretary determines that such agreement will facilitate full or partial collection of such liability." 26 U.S.C. § 6159(a). The Secretary's decision is discretionary, unless the taxpayer falls into certain categories not relevant here. § 6159(c); *see also* 26 C.F.R. § 301.6159-1(c) ("[T]he Commissioner has the discretion to accept or reject any proposed installment agreement."). Section 6330, which provides for the Collections Due Process hearing, outlines the factors to be considered at the hearing. One of the factors is "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the

3

No. 10-60746
Summary Calendar

person that any collection action be no more intrusive than necessary."
§ 6330(c)(3)(C). The Marascalcos contend that the written determination of the
Commissioner lacked any explanation of what factors, if any, the settlement
officer considered when she refused the Marascalcos' alternate installment plan
proposal. We disagree. The determination stated that the settlement officer
reviewed the collection history of the tax years in question and the amount of the
Marascalco's disposable income and that she determined the Marascalcos had
the current ability to pay their liability in full. Additionally, the determination
stated that the Commissioner has determined that a federal tax lien is a less
intrusive method of collection, because it leaves the taxpayers in possession of
their property. Moreover, despite the fact that the Commissioner was under no
obligation based on the facts of this case to offer an installment plan to the
Marascalcos, the settlement officer did offer a plan, which the taxpayers
rejected. We find no abuse of discretion on the part of the settlement officer.

2.     The Marascalcos next argue that the Tax Court erred when it looked
beyond the record in making its determination that the settlement officer did not
abuse her discretion when she refused the Marascalcos' alternate installment
plan. We need not address whether the Tax Court was limited to reviewing the
written record or could admit some testimony regarding the Commissioner's
reasoning, *see Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91
S. Ct. 814, 825 (1971) (holding that when the bare record is insufficient, the
district court may take testimony from the decisionmakers regarding the
reasoning behind the decision), because, as explained above, based solely on the
written determination of the settlement officer, we find that she did not abuse
her discretion.

AFFIRMED.

4