T.C. Memo. 2013-53

UNITED STATES TAX COURT

HENRY R. LINK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5625-12L.                    Filed February 19, 2013.


P filed a petition for judicial review pursuant to I.R.C. sec.
6330(d)(1), in response to R's determination that levy action was
appropriate.

<u>Held</u>: R's determination is sustained in the absence of abuse of
discretion by R's settlement officer.


Henry R. Link, pro se.

<u>Olivia Hyatt Rembach</u>, for respondent.

**[\*2]**                              MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This case is before the Court on a petition for review of a Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination).[1]  Petitioner seeks review of respondent's determination to proceed with a proposed levy to collect petitioner's outstanding liability for the taxable year 2003, which liability consists principally of a penalty under section 6673(a) imposed by the Court in a prior action for redetermination commenced by petitioner.  The sole issue for decision is whether respondent's determination to proceed with the proposed levy was an abuse of discretion.  We hold that it was not.

<u>Background</u>

This case was submitted fully stipulated under Rule 122, and the stipulated facts are so found.  We incorporate by reference the parties' stipulation of facts  and accompanying exhibits.

Petitioner, an unmarried individual, resided in the State of South Carolina when the petition was filed.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended and in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]** <u>Origin of Petitioner's Liability</u>

Petitioner did not file an income tax return for 2003.  Respondent sent petitioner a notice of deficiency, <u>see</u> sec. 6212, and petitioner filed a petition for redetermination with this Court, <u>see</u> sec. 6213(a), at docket No. 11519-05.

In March 2008 petitioner's case at docket No. 11519-05 was tried to the Court in Columbia, South Carolina.  Thereafter, the Court rendered oral findings of fact and opinion, pertinent portions of which read as follows:

> This is the case of Henry R. Link, Petitioner, versus Commissioner of Internal Revenue, Respondent, docket number 11519-05.  This bench opinion is made pursuant to the authority granted by Section 7459(d) and Rule 152.

> \*  \*  \*  \*  \*  \*  \*

> Respondent determined a deficiency against Petitioner for his 2003 taxable year in the amount of $518 and an addition to tax [for failure to file] under 6651(a) (1) in the amount of $139.80. Respondent concedes that the [addition to tax] should be reduced to $127. Respondent has also moved for a penalty against Petitioner under Section 6673.

> \*  \*  \*  \*  \*  \*  \*

> Petitioner has failed to meet the requirements of Section 7491(a), and therefore, the burden of proof remains on Petitioner.  The issues in the instant case are similar to those in <u>Link v.</u>

[*4] Commissioner, T.C. Memo. 2006-146, a case involving Petitioner and similar issues for his previous taxable years.[2]

In the instant case, Petitioner has offered no credible evidence that shows that Respondent's determinations are incorrect. At trial, Petitioner advanced only frivolous and groundless arguments. The Court need not address each of Petitioner's frivolous and groundless arguments with somber reasoning and copious citations of precedent, as to do so might suggest that these arguments possess some degree of colorable merit, Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984).

\* \* \* \* \* \* \*

Section 6673 (a) (1) provides that this Court may require the taxpayer to pay a penalty not in excess of $25,000 whenever it appears to this Court that the proceedings were instituted or maintained by the taxpayer primarily for delay or the taxpayer's position is frivolous or groundless. Petitioner is no stranger to this Court. See Link v. Commissioner, supra.

Despite being warned repeatedly that his positions were frivolous and groundless, Petitioner continued to advance those positions. We accordingly shall impose a penalty on Petitioner in the amount of $2,000.

To reflect the foregoing, decision will be entered for Respondent reflecting a reduced [addition to tax] in the amount of $127 as conceded by Respondent.

On April 18, 2008, the Court entered an Order And Decision at docket No. 11519-05, granting respondent's motion for penalty, deciding that petitioner was liable for a deficiency in income tax of $518 for 2003 and an addition to tax under

---

[2] See infra pp. 8-9 regarding petitioner's other actions in this Court.

[*5] section 6651(a)(1) of $127, and imposing on petitioner a penalty under section 6673(a) of $2,000.

Petitioner did not file a notice of appeal in docket No. 11519-05. See sec. 7483; Rule 190. Accordingly, in due course the Court's Order And Decision in that case became final. See secs. 7481(a)(1), 7483. Thereafter, on September 22, 2008, respondent assessed the deficiency of $518, the addition to tax of $127, and the section 6673 penalty of $2,000, as well as statutory interest.[3] See sec. 6601(a). Also on September 22, 2008, respondent sent petitioner notice and demand for payment, i.e., a so-called statutory notice of balance due. See sec. 6303(a).

Respondent's Efforts To Collect Petitioner's Liability

Despite several collection notices, petitioner did not pay any portion of his outstanding liability.[4] Accordingly, on April 28, 2011, respondent sent petitioner a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing, i.e., the so-called collection due process (CDP) notice. See sec. 6330(a). Petitioner responded by sending respondent a Form 12153, Request For A Collection Due Process Or Equivalent Hearing. In such form petitioner stated only that he wanted a collection alternative in the form of an installment agreement or an offer-in-

---

[3] After such assessment petitioner's outstanding balance was $2,850.22.

[4] The transcript of account for petitioner's 2003 tax year does reflect a withholding credit of $10 on April 15, 2004. Cf. sec. 6513(b)(1).

**[*6]** compromise on the grounds of financial hardship, health, age, and lack of earning ability.

After an introductory letter dated June 20, 2011, from respondent's Appeals Office explaining the administrative appeal process, the assigned settlement officer (SO) sent petitioner a letter dated June 29, 2011. Among other things, the SO's letter scheduled a telephone conference call and explained requirements for collection alternatives. The SO's letter made clear that if petitioner wanted a collection alternative, then he would need to submit Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, and substantiate his income and expenses; if petitioner specifically wanted an offer-in-compromise, then he would also need to submit Form 656, Offer in Compromise. Copies of the requisite forms were enclosed with the SO's letter.

By letter dated July 12, 2011, petitioner rejected a telephone conference and demanded, inter alia, a face-to-face conference.

The SO and petitioner continued to communicate, both by letter and by telephone, and the deadline to provide financial information necessary for consideration of a collection alternative was extended by the SO on more than one occasion.

**[*7]**   On October 3, 2011, the SO received from petitioner Form 433-A.  In the Form 433-A petitioner stated that his monthly income was $2,231.16 and that his monthly living expenses were $2,222.41.  Monthly living expenses included $612.84 for vehicle operating expenses.

By letter dated December 8, 2011, the SO accepted petitioner's statement of his monthly income and generally accepted petitioner's statement of his monthly living expenses based on the Form 433-A.[5]  However, insofar as monthly vehicle operating expenses were concerned, the SO allowed only $244, stating that there is "a cap amount for the operating cost for the vehicles" and that "I can only consider the expenses for one vehicle."[6]  The SO then proposed an installment agreement on the basis of a monthly payment of $364, which amount represented the difference between petitioner's monthly income and petitioner's monthly expenses as adjusted by the SO.

---

[5] Referencing IRS National Standards, the SO modestly increased the amount listed by petitioner for "Food, Clothing, and Misc" and allowed the amount listed by petitioner for "Out of Pocket Health Care Costs" without requiring additional documentation.

[6] See IRS Collection Financial Standards, Local Standards:  Transportation, available at http://www.irs.gov/Businesses/Small-Businesses-&-Self-Employed/Local-Standards:-Transportation.

**[*8]**  By letter dated December 19, 2011, petitioner rejected the offer, insisting, inter alia, on his need for three automobiles as follows:

> My vehicles are very old and unreliable.  Because I live on a fixed income and can no longer work, I am unable to afford a new car payment.  I must keep all three vehicles in running order.  One car is good for short distances but is not reliable for long distance driving.  I require the second car for long distance driving, but, if I use it for short distances also, then it will break down and I will not have a long distance vehicle.  My grandson moved in with me to help with my elderly care needs.  He will be going to college classes several times a week and he does not have a vehicle of his own.  Therefore, he must use one of these cars.

In lieu of the SO's proposal, petitioner did not make any counterproposal of a specific monthly amount.

Petitioner never submitted to the SO a Form 656.

On January 30, 2012, respondent's Appeals Office issued the Notice Of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy.[7]  Thereafter, petitioner filed with this Court a Petition For Lien Or Levy Action.  See sec. 6330(d)(1).

Petitioner's Other Actions in This Court

In addition to his case at docket No. 11519-05, discussed supra, petitioner commenced a collection case at docket No. 10011-08L in respect of his

---

[7] The Notice Of Determination was accompanied by a multipage Attachment setting forth the SO's analysis of the matter.

**[*9]** outstanding income tax liabilities for 1998, 1999, 2000, 2001, and 2002. There the Court sustained respondent's determination to proceed by levy for collection of petitioner's unpaid liabilities for those five years.[8] Similar to the instant case, the collection case at docket No. 10011-08L had its origins in two actions for redetermination of deficiencies commenced by petitioner in 2004 (docket Nos. 20809-04 and 11065-04), which actions were decided by the Court in Link v. Commissioner, T.C. Memo. 2006-146, 2006 WL 1911048, aff'd per curiam, 211 Fed. Appx. 204 (4th Cir. 2006). There the Court sustained the Commissioner's determinations regarding deficiencies in income taxes and additions to tax for failing to file returns for the five years in issue; notably, the Court also imposed on petitioner a $1,500 penalty under section 6673(a) for advancing frivolous arguments, such as that "his pension income was a nontaxable exchange of equal value for his labor" and that "our 'Marxist' tax system is voluntary".

---

[8] Petitioner appealed. This Court was affirmed per curiam by the Court of Appeals for the Fourth Circuit. Link v. Commissioner, 393 Fed. Appx. 120 (4th Cir. 2010).

[*10]                                    Discussion

I.  Burden of Proof

As previously stated, this case was submitted to the Court by the parties fully

stipulated under Rule 122.  Paragraph (b) of that Rule deals with burden of proof

and states as follows:

> The fact of submission of a case, under paragraph (a) of
> this Rule, does not alter the burden of proof, or the
> requirements otherwise applicable with respect to
> adducing proof, or the effect of failure of proof.

See Rule 142(a); Titsworth v. Commissioner, T.C. Memo. 2012-12, 2012 WL

86670, at *6.

II.  Administrative Hearings Under Section 6330 and Judicial Review

Section 6331(a) authorizes the Commissioner to levy upon property and

rights to property of a taxpayer who is liable for taxes and who fails to pay those

taxes within 10 days after notice and demand for payment is made.  Section 6331(d)

provides that the levy authorized in section 6331(a) may be made only if the

Commissioner has given notice to the taxpayer no less than 30 days before the day

of the levy.

Section 6330(a) reiterates the requirement of notice before levy and confers

on the taxpayer the right to request a prelevy administrative hearing.  Sec.

**[\*11]** 6330(a)(3)(B), (b); see Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). If such a hearing is requested, the hearing is to be conducted by the IRS Office of Appeals. Sec. 6330(b)(1).

At a section 6330 hearing the taxpayer may raise any relevant issue, specifically including offers of collection alternatives, such as an installment agreement or an offer-in-compromise. Sec. 6330(c)(2)(A)(iii). A taxpayer may also challenge the existence or amount of the underlying tax liability but only if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability. Sec. 6330(c)(2)(B).

A determination made by the IRS Office of Appeals under section 6330 to sustain a proposed levy may be reviewed by this Court. Sec. 6330(d)(1); see Rules 330-334. Where the underlying tax liability is properly at issue, we review the determination de novo. Goza v. Commissioner, 114 T.C. at 181-182. Where the underlying tax liability is not at issue, as it is not in the instant case, we review the determination for abuse of discretion. Id. at 182; see also Sego v. Commissioner, 114 T.C. 604, 610 (2000).

The determination of the Commissioner's settlement officer is not an abuse of discretion unless the determination is arbitrary, capricious, or without sound

**[\*12]** basis in law or fact.  <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 111 (2007);

<u>see</u> <u>Titsworth v. Commissioner</u>, 2012 WL 86670, at \*6 (holding that the taxpayer

bears the burden of proving abuse of discretion even when the case is submitted to

the Court fully stipulated).  Thus, the Court does not conduct an independent review

and substitute its judgment for that of the settlement officer.  <u>Murphy v.</u>

<u>Commissioner</u>, 125 T.C. 301, 320 (2005), <u>aff'd</u>, 469 F.3d 27 (1st Cir. 2006).

Rather, if the settlement officer follows all statutory and administrative guidelines

and provides a reasoned balanced decision, the Court will not reweigh the equities.

<u>Fifty Below Sales & Mktg., Inc. v. United States</u>, 497 F.3d 828, 830 (8th Cir.

2007).

III.  <u>Petitioner's Contentions</u>

Invoking section 6343(a) and <u>Vinatieri v. Commissioner</u>, 133 T.C. 392

(2009), petitioner contends that the installment agreement proposed by the SO

would cause him financial hardship.[9]  In <u>Vinatieri</u>, the Court held that it was an

abuse of discretion for the Commissioner's Appeals Office to sustain a proposed

levy if it was established, as acknowledged by the Appeals Office, that a levy

would cause the taxpayer economic hardship.  However, <u>Vinatieri</u> is

---

[9] Petitioner's argument contains facts outside the stipulated record.  However, statements in briefs do not constitute evidence.  Rule 143(c).

**[\*13]** distinguishable, if for no other reason than that it was decided on the basis of the Commissioner's motion for summary judgment and after "the settlement officer concluded that the levy would create economic hardship and so stated in her log." Id. at 402. In the instant case, in contrast, there is a trial record (albeit fully stipulated) that petitioner characterizes on brief as "adequately developed", and neither respondent nor any of his agents (specifically including the SO) has concluded that the proposed levy would create economic hardship. In addition, as discussed infra, petitioner's Form 433-A, which constitutes the only real evidence in the record of his financial condition,[10] demonstrates that although petitioner was an individual of modest means, he could pay some monthly amount toward his outstanding liability.

In proposing an installment agreement of a specific monthly amount, the SO accepted petitioner's statement of his monthly income and generally accepted petitioner's statement of his monthly living expenses based on the Form 433-A. Indeed, the SO modestly increased the amount listed by petitioner for "Food, Clothing, and Misc" and allowed the amount listed by petitioner for "Out of Pocket Health Care Costs" without requiring additional documentation, even though the amount exceeded National Standards. The only negative adjustment

---

[10] See supra note 9.

**[*14]** made by the SO to petitioner's statement of monthly living expenses involved vehicle operating expenses, and such adjustment was consistent with the Commissioner's published guidance.[11]  Although petitioner rejected the SO's proposal, petitioner never made any counterproposal of a specific monthly amount, nor did petitioner ever submit to the SO a Form 656.

Petitioner also contends that the SO abused her discretion by not conducting a face-to-face hearing and that the case should therefore be remanded for that purpose.  See sec. 6330(d)(2).  However, given that the SO accepted at face value petitioner's Form 433-A, except for vehicle operating expenses, and in that instance acted consistent with IRS published guidance, the Court concludes that remand would be neither appropriate nor helpful.  See Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).[12]

---

[11] See supra note 6.  As relevant, the published guidance states that "A single taxpayer is normally allowed one automobile" and that a taxpayer "will be allowed the lesser of (1) the amount actually spent monthly for operating costs, or (2) the operating costs shown in the table".  (Emphasis added.)  The table amount for petitioner's region was $244, which was what the SO allowed, even though the amount actually spent may have been less.  See Marascalco v. Commissioner, T.C. Memo. 2010-130 (holding that a settlement officer may generally rely on national and local collection financial standards published by the Commissioner), aff'd, 420 Fed. Appx. 423 (5th Cir. 2011).

[12] We also note that a face-to-face hearing is not required in all circumstances.  Jackson v. Commissioner, T.C. Memo. 2010-180, 2010 WL

(continued...)

**[*15]** IV. <u>Conclusion</u>

In view of the foregoing, the Court holds that the SO did not abuse her discretion. Accordingly, the determination of respondent's Appeals Office to proceed with the proposed levy is sustained.

Finally, the Court has considered all of petitioner's contentions and, to the extent not specifically discussed herein, concludes that they are without merit, moot, or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.

---

[12](...continued)
3119253, at *2 (and cases cited therein); <u>see</u> sec. 301.6330-1(d)(2), Q&A-D6, Proced. & Admin. Regs. In the instant case, by the time that petitioner belatedly submitted his Form 433-A to the SO, petitioner already had had an administrative hearing through the course of communications, by letter and by telephone, between himself and the SO. And even after the Form 433-A was submitted, the SO and petitioner continued to communicate. Thus, it cannot be said that petitioner was deprived of the opportunity of making his case through an administrative hearing.