T.C. Memo. 2017-224

UNITED STATES TAX COURT

PAUL B. MUIR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13634-16L.                    Filed November 16, 2017.

Paul B. Muir, pro se.

David Baudilio Mora and Paul Cooperman Feinberg, for respondent.

MEMORANDUM OPINION

KERRIGAN, Judge:  The petition in this case was filed in response to a

Notice of Determination Concerning Collections Action(s) under Section 6320

and/or 6330 (notice of determination) dated May 11, 2016.  The notice of

determination sustained a proposed levy regarding petitioner's unpaid income tax

liability for tax year 2010.

**[*2]** The issue for consideration is whether respondent's determination to proceed with the collection action regarding petitioner's unpaid income tax liability for tax year 2010 was proper. Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

This case was deemed submitted pursuant to Rule 122. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in Texas when he timely filed his petition. Before filing his petition, and until January 2016, petitioner resided in Ohio. All correspondence from respondent's office to petitioner, including correspondence after January 2016, was mailed to petitioner's Ohio address.

Petitioner did not file a tax return for tax year 2010. Pursuant to section 6020(b), the Internal Revenue Service (IRS) prepared a substitute for return for tax year 2010. On May 14, 2013, respondent issued petitioner a notice of deficiency for tax year 2010. Petitioner did not file a petition with this Court in response to the notice of deficiency. Petitioner did not dispute receipt of the notice of

**[\*3]** deficiency. The tax determined in the notice of deficiency and associated penalties and interest were assessed against petitioner on February 10, 2014.

On August 3, 2015, respondent sent petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing, informing him that respondent intended to levy to collect the unpaid tax liability, interest, and penalties and that he could request a hearing with the IRS Appeals Office.

On September 4, 2015, petitioner timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing (CDP hearing request). The CDP hearing request recommended that petitioner submit a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, if he wanted to discuss a collection alternative. Petitioner did not submit a Form 433-A. In his CDP hearing request petitioner stated:

> I am disputing and believe I do not owe these alleged taxes or penalties associated with these taxes. I would also like verification of whether or not the IRS performed the necessary and proper procedures that are required by law. If at the conclusion of my hearing, it is proven that the tax is an amount I owe, I would like to discuss all collection alternatives available to me. I am requesting a face to face hearing at the appeals office closest to me which I intend to record.

On October 15, 2015, respondent mailed petitioner a letter acknowledging the receipt of his request for a CDP hearing. The letter stated that petitioner's

**[*4]** CDP hearing request had been processed and was being forwarded to the IRS Appeals Office. The letter also requested that petitioner submit the delinquent returns for the tax years 2008, 2009, 2011, 2012, 2013, and 2014.

On December 23, 2015, an Appeals officer mailed petitioner a letter notifying him that the Appeals Office had received his CDP hearing request timely and that the CDP hearing was his opportunity to discuss his reasons for disagreeing with the collection action or to propose collection alternatives. The letter further informed petitioner that if he did not participate in a conference or respond to the letter, the Appeals Office would issue a determination based on his CDP hearing request, any information previously provided to the Appeals Office, and any information the office had on file regarding his applicable tax period. Petitioner did not respond to the letter.

On February 12, 2016, the Appeals officer sent petitioner an additional letter regarding his CDP hearing request, asking him to submit the following documents: (1) a correct Form 1040, U.S. Individual Income Tax Return, for the tax year 2010; (2) a Form 433-A and any supporting documents; and (3) all outstanding delinquent returns for tax years 2008, 2009, 2011, 2012, 2013, and 2014. The letter set a deadline of March 9, 2016, for receipt of the documents and informed petitioner that until the requested financial documentation had been

**[\*5]** received, his request for a face-to-face meeting was premature. The letter reiterated that petitioner had received a notice of deficiency for tax year 2010 and had not filed a petition with this Court. Petitioner did not respond to the letter or provide any of the requested tax returns or financial information.

The Appeals officer reviewed the account transcripts for tax year 2010 as well as the transcripts for tax years 2008-09 and 2011-14. He concluded the requirements of applicable law and administrative procedure had been met and that an assessment had been properly made for tax year 2010. On May 11, 2016, the Appeals officer mailed the notice of determination sustaining the proposed collection action to petitioner's Ohio address. The notice of determination stated that the collection action was sustained because petitioner had failed to raise any specific relevant issue or submit a viable collection alternative. Petitioner's petition disputed the notice of determination on the following grounds: (1) respondent did not properly verify that the IRS followed the proper assessment procedure; (2) petitioner was not allowed to challenge the underlying liability; (3) petitioner was denied a face-to-face hearing at a convenient location; and (4) respondent did not consider the issues that he raised.

**[*6]**                                    Discussion

Section 6330 requires the Secretary to furnish a person notice and opportunity for a hearing before an impartial office or employee of Appeals before levying on the person's property.  At the hearing, the person may raise any relevant issue relating to the unpaid tax or the proposed levy, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives.  Sec. 6330(c)(2).  The person may challenge the existence or the amount of the underlying tax liability for any period only if the person did not receive a notice of deficiency or did not otherwise have an opportunity to dispute the liability.  Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 609 (2000).

Following a hearing, the Appeals officer must determine whether proceeding with the proposed levy action is appropriate.  In making that determination, the Appeals officer is required to take into consideration: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary.  Sec. 6330(c)(3); see also Lunsford v.

[*7] Commissioner, 117 T.C. 183, 184 (2001). We note that the Appeals officer properly based his determination on the factors specified by section 6330(c)(3).

I.    Standard of Review

Once Appeals issues a notice of determination, the person may seek review in this Court. Sec. 6330(d)(1). Petitioner raised the issue of his underlying tax liability on his Form 12153, his petition, and his amended petition. Petitioner did not file a tax return for tax year 2010. A notice of deficiency was issued and received. Petitioner did not petition this Court. Petitioner did not dispute that he had received a notice of deficiency. Consequently, petitioner's underlying tax liability is not properly before the Court. See Goza v. Commissioner, 114 T.C. 176 (2000).

Where the validity of the underlying tax liability is not properly at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. An abuse of discretion occurs if Appeals exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999). The Court does not conduct an independent review and substitute its judgment for that of the Appeals officer. Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006). If the Appeals officer follows all statutory and

[*8] administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities. Link v. Commissioner, T.C. Memo. 2013-53, at *12.

II.   Abuse of Discretion

Petitioner contends that respondent's determination constitutes an abuse of discretion. Petitioner argues that it was an abuse of discretion for the Appeals officer to deny him a face-to-face CDP hearing. Respondent contends that the Appeals officer did not abuse his discretion because petitioner did not provide requested financial information, including a proposed return for tax year 2010, delinquent returns for 2008, 2009, 2011, 2012, 2013, and 2014, or a completed Form 433-A.

We have previously held that an Appeals officer does not necessarily abuse his or her discretion by refusing to offer a face-to-face CDP hearing. LaForge v. Commissioner, T.C. Memo. 2013-183, at *11 (noting that a face-to-face hearing is not required under section 6330; noting further that an Appeals officer's denial of a face-to-face hearing does not constitute an abuse of discretion when the taxpayer fails to provide requested financial information).

If no face-to-face hearing, telephone conference, or any other oral communication takes place, review of the documents in the case file will

[*9] constitute the CDP hearing for the purposes of section 6330(b). Sec. 301.6330-1(d)(2), Q&A-D7, Proced. & Admin. Regs. Petitioner did not provide any of the requested tax returns or financial information or contact the Appeals officer. Because of petitioner's failure to provide the requested information, the Appeals officer, as petitioner was forewarned in respondent's December 2015 letter, conducted petitioner's CDP hearing by review of respondent's administrative files.

Petitioner contends that it was an abuse of discretion for the Appeals office to fail to note his change of address. He argues that he did not receive respondent's February 2016 letter because it was mailed to his previous address in Ohio. There is no indication in the record that petitioner was not receiving correspondence at his Ohio address. Petitioner received the notice of determination at his Ohio address and timely filed his petition. In May 2016 petitioner still had access to mail received at his Ohio address.

It is the taxpayer's responsibility to provide the IRS clear and concise notification of any change of address. See sec. 301.6212-2(a), (b)(2), Proced. & Admin. Regs.; see also Ward v. Commissioner, 907 F.2d 517 (5th Cir. 1990), rev'g 92 T.C. 949 (1989); Tadros v. Commissioner, 763 F.2d 89 (2d Cir. 1985). The taxpayer may submit a change of address by indicating a new address on his

**[\*10]** next return, by filing a written or electronic change of address with the IRS or by providing an updated address to the U.S. Postal Service for inclusion in its national change of address database. Sec. 301.6212-2(a), Proced. & Admin. Regs. A taxpayer's notification regarding change of address will be considered properly processed 45 days after the submission of a written or electronic change of address to the IRS or the U.S. Postal Service. Rev. Proc. 2010-16, 2010-19 I.R.B. 664.

Petitioner did not dispute receipt of respondent's December 2015 letter. His change of address does not negate his failure to respond or provide any of the requested financial information. The December 2015 letter contained the name, address, and phone number of the Appeals officer assigned to petitioner's CDP hearing request. The letter also informed petitioner that if he failed to participate in a conference or respond and submit the requested information and documents, the determination concerning the proposed levy would be based solely on information already in the Appeals Office's possession. Petitioner made no attempt at contact, nor did he respond to the letter.

The Appeals Office's failure to note the change of address was not an abuse of discretion. Petitioner was well advised of his responsibility to contact and provide the requested information to his assigned Appeals officer. A taxpayer is expected to provide all relevant information to the Appeals Office, including

[*11] financial statements.  See sec. 301.6330-1(e)(1), Proced. & Admin. Regs.

Petitioner made no contact with the Appeals officer or respondent, and at no time

did he provide any of the requested financial information.

Petitioner has not shown an irregularity in respondent's assessment

procedure.  See Nestor v. Commissioner, 118 T.C. 162, 166-167 (2002) (placing

the burden on the taxpayer to prove an irregularity existed in the assessment

procedure).  Petitioner likewise has failed to show that the Appeals officer did not

properly determine that the requirements of any applicable law or administrative

procedure had been met.  We conclude that petitioner was provided a CDP hearing

which complied with all applicable requirements and the Appeals officer did not

abuse his discretion in sustaining the proposed levy.

Any contention we have not addressed is irrelevant, moot, or meritless.

Respondent's determination to proceed with collection was not an abuse of

discretion.

To reflect the foregoing,

Decision will be entered

for respondent.