T.C. Memo. 2018-207

UNITED STATES TAX COURT

IBDR, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26819-16L. Filed December 19, 2018.

Rodney Leatherman (an officer), for petitioner.

Joseph E. Nagy, for respondent.

MEMORANDUM OPINION

RUWE, Judge: Pursuant to sections 6320(c) and 6330(d)(1),[1] petitioner

seeks review of the Internal Revenue Service (IRS) Office of Appeals

_____

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times.

[*2] determinations to sustain the filing of a notice of Federal tax lien (NFTL) and a proposed levy to collect petitioner's: (1) unpaid Federal income tax liabilities for 2008, 2009, and 2011; (2) unpaid employment taxes for the period ending on December 31, 2013; and (3) an unpaid section 6721(e) penalty for the tax period ending on December 31, 2011. The issue before the Court is whether to grant respondent's motion for summary judgment (motion) pursuant to Rule 121. Respondent contends that no genuine dispute exists as to any material fact and that his determination to sustain the NFTL filing and the proposed levy should be sustained. After reviewing these allegations along with the attached declaration and exhibits, we conclude that no material facts that respondent relies on are in dispute and that this case is appropriate for summary adjudication.

## Background

Petitioner filed Federal income tax and employment tax returns for the relevant periods but did not pay all of the liabilities reported on the returns. Respondent assessed a section 6721 penalty against petitioner on November 3, 2014. On December 8, 2015, the Commissioner issued petitioner a Notice of Intent to Levy and Notice of Your Right to a Hearing, and on December 22, 2015, issued petitioner a notice of NFTL filing. Petitioner timely filed a request for a collection due process (CDP) hearing, in which it sought an offer-in-compromise

[*3] and requested that the NFTL be discharged and withdrawn. Petitioner also claimed that the "[a]mount of tax paid is not reflected in IRS records or submitted tax forms do not reflect correct amount of tax paid."

After submitting the request for a CDP hearing, petitioner worked outside of the CDP process with an IRS revenue officer to obtain, among other things, an installment agreement. Petitioner ultimately decided not to proceed with the installment agreement, and the case was forwarded to the Office of Appeals. Thereafter, petitioner submitted an-offer-in compromise (OIC), and on or about September 12, 2016, petitioner withdrew that OIC.

On September 29, 2016, the settlement officer (SO) assigned to petitioner's case called petitioner to discuss the case. Petitioner's president, Rodney Leatherman, told the SO that he planned to dissolve petitioner. On October 3, 2016, the SO sent petitioner a letter asking it to submit by October 27, 2016, a closing bank statement showing how petitioner's remaining funds were distributed and a Form 433-B, Collection Information Statement for Businesses. Petitioner did not submit the requested information.

On November 10, 2016, the SO issued petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 sustaining the proposed levy and the NFTL. Petitioner timely filed a petition with this Court, in

**[*4]** which it neither assigned any errors nor made any assertions of fact. Attached to the petition was a Form 433-B. Petitioner submitted other documents related to its operating status in subsequent filings.

## Discussion

### A. Summary Judgment

Summary judgment is designed to expedite litigation and to avoid unnecessary and expensive trials. Shiosaki v. Commissioner, 61 T.C. 861, 862 (1974). Under Rule 121(b), the Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). The burden is on the moving party to demonstrate that no genuine issue as to any material fact remains and that he is entitled to judgment as a matter of law. FPL Grp., Inc. & Subs. v. Commissioner, 116 T.C. 73, 74-75 (2001). In deciding whether to grant summary judgment, we view the evidence in the light most favorable to the nonmoving party. Bond v. Commissioner, 100 T.C. 32, 36 (1993). However, the nonmoving party is required "to go beyond the pleadings and by * * * [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp. v.

[*5] Catrett, 477 U.S. 317, 324 (1986); see also Rauenhorst v. Commissioner, 119 T.C. 157, 175 (2002); FPL Grp., Inc. & Subs. v. Commissioner, 115 T.C. 554, 559 (2000). On the basis of the record, we conclude that there is no genuine dispute of material fact and that a decision may be rendered as a matter of law.

B. Standard of Review

Where the validity of a taxpayer's underlying liability is properly at issue, the Court reviews any determination regarding the underlying liability de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not properly at issue, we review the Office of Appeals' determination for abuse of discretion only. Hoyle v. Commissioner, 131 T.C. 197, 200 (2008), supplemented by 136 T.C. 463 (2011); Goza v. Commissioner, 114 T.C. at 182. A determination is an abuse of discretion if it is arbitrary, capricious, or without sound basis in fact or law. Murphy v. Commissioner, 125 T.C. 301, 308, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006).

A taxpayer may raise a CDP challenge to the existence or amount of his underlying tax liability only if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B). This Court may consider such a challenge, however, only if the taxpayer properly raised it before the SO, Giamelli v.

[*6] Commissioner, 129 T.C. 107, 115 (2007), and again in his petition to this Court, see Rule 331(b)(4). An issue is not properly raised at the Office of Appeals if the taxpayer fails to request consideration of the issue or fails to present any evidence after being given a reasonable opportunity to do so. Secs. 301.6320-1(f)(2), Q&A-F3, 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs.; see Thompson v. Commissioner, 140 T.C. 173, 178 (2013) (citing Giamelli v. Commissioner, 129 T.C. at 114).

Petitioner did not challenge its underlying liabilities at the CDP hearing or in its petition. It is therefore not entitled to contest those liabilities in this Court, and we will therefore review the SO's determination only for abuse of discretion.

C. Analysis

In deciding whether the SO abused her discretion in sustaining the NFTL filing and the proposed levy, we review the record to determine whether she: (1) properly verified that the requirements of applicable law and administrative procedure have been met, (2) considered any relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See secs. 6320(c),

[*7] 6330(c)(3). Our review of the record establishes that the SO considered all of these factors when making her determination.

The petition does not explain why petitioner is challenging the SO's determination. But in its response to respondent's motion, petitioner contends that "[t]he IRS can place the company in (CNC) status where the company is inactive and defunct with no assets."[2]

When the Office of Appeals gives a taxpayer a specific timeframe to submit requested items, it is not an abuse of discretion to move ahead if the taxpayer fails to submit them. Pough v. Commissioner, 135 T.C. 344, 351 (2010); Glossop v. Commissioner, T.C. Memo. 2013-208, at *17. Additionally, if the SO "follows all statutory and administrative guidelines and provides a reasoned balanced decision, the Court will not reweigh the equities." Link v. Commissioner, T.C. Memo. 2013-53, at *12.

The SO gave petitioner a deadline of October 27, 2016, to submit requested items, but it failed to do so. Therefore, it was not an abuse of discretion for the SO

---

[2]Petitioner filed a pretrial memorandum that we subsequently deemed to be a response to respondent's motion for summary judgment.

In petitioner's response to respondent's motion, it seemed to claim that respondent was attempting to collect petitioner's delinquent tax debt from its president personally. The parties have subsequently agreed that this is not the case.

**[\*8]** to proceed with the collection actions.  Even if the documents petitioner submitted with its petition and other filings support its position, there are no grounds for the Court to reweigh the SO's determination.  The record shows that the SO followed all statutory and administrative guidelines and rendered a reasoned and balanced decision when making her determination.

Finding no abuse of discretion in any respect, we will grant summary judgment for respondent and sustain the proposed collection actions.  In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.