# United States Tax Court

T.C. Memo. 2026-41

BRYAN EDWARD MENGE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 18451-23L.                    Filed May 19, 2026.

————

Bryan Edward Menge, pro se.

*Spencer A. Martin* and *Molly H. Donohue*, for respondent.

### MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, *Judge*: The Petition in this case was filed in response to a Notice of Determination Concerning Collection Actions under IRC Sections 6320 or 6330 of the Internal Revenue Code (Notice of Determination) dated October 25, 2023, upholding a proposed levy collection action for tax years 2015, 2016, 2017, and 2018 (years at issue). The issue for our consideration is whether respondent's determination was proper.

Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times.

[*2]                   FINDINGS OF FACT

Petitioner resided in Rhode Island when he filed his Petition.[1] This case is likely appealable to the U.S. Court of Appeals for the First Circuit. *See* § 7482(b)(1)(G)(i), (2). On November 22, 2021, respondent sent petitioner a Notice of Intent to Levy and Your Collection Due Process Right to a Hearing advising petitioner of a proposed levy to collect his outstanding liabilities for the years at issue. Petitioner filed Forms 1040, U.S. Individual Income Tax Return, for the years at issue, but failed to pay the tax due.

On December 23, 2021, respondent received Form 12153, Request for a Collection Due Process or Equivalent Hearing. On that form petitioner checked the box indicating that he could not pay the balance. A settlement officer was assigned to his case on November 8, 2022, and she verified that the liabilities were based on self-filed tax returns and assessments made for the years at issue.

The settlement officer scheduled a hearing for January 12, 2023, and requested numerous documents, including Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, along with any supporting documents and three months of bank statements, a corrected Form 1040 for 2016, signed Forms 1040 for 2020 and 2021, and proof of estimated tax payments for 2022. Petitioner then requested the Administrative Record, and the hearing was postponed until this request was honored.

The case was reassigned to another settlement officer. The second settlement officer sent a letter requesting the same information that the first settlement officer had requested and scheduled a hearing for May 16, 2023. Petitioner contacted the second settlement officer and requested that the hearing be delayed, but his request was not granted. Petitioner did not participate in the hearing nor supply any of the requested information.

On June 16, 2023, petitioner left the second settlement officer a voicemail indicating that the tax years at issue in this case were also at issue before this Court and the U.S. Court of Appeals for the First Circuit. The second settlement officer returned petitioner's call and left

---

[1] During the trial, the Administrative Record was admitted.

[*3] a message explaining that none of the periods involved in those cases were involved in the matters to be addressed at the hearing.

The second settlement officer requested that petitioner call in for a rescheduled hearing on June 22, 2023. Petitioner called for the hearing, and the second settlement officer informed him that he would need to submit the requested information in order to make challenges to his underlying liabilities. Petitioner indicated that the income tax liabilities assessed on the returns were correct and that he needed more time for the First Circuit to resolve a dispute in his favor.[2] Petitioner was referring to cases involving 2013 for which he believes he is owed a credit. Even though this Court and the First Circuit concluded that there was no credit for 2013, he continues to argue that he is entitled to an overpayment for 2013 that should be carried forward to his liabilities at issue.

Petitioner did not submit any additional information after the hearing. On October 25, 2023, the second settlement officer issued a Notice of Determination sustaining the proposed levy.

OPINION

Section 6331(a) authorizes the Secretary to levy upon the property and property rights of a taxpayer who fails to pay a tax within ten days after notice and demand. Before the Secretary may levy upon the taxpayer's property, the Secretary must notify the taxpayer of the Secretary's intention to make the levy. § 6331(d)(1). The Secretary must also notify the taxpayer of his or her right to a CDP hearing. § 6330(a)(1). If the taxpayer requests a CDP hearing, the hearing is conducted by the IRS Independent Office of Appeals. § 6330(b)(1). At the hearing the taxpayer may raise any relevant issue relating to the unpaid tax or the proposed collection action. § 6330(c)(2)(A). The person may challenge the existence or the amount of the underlying tax liability for any period only if the person did not receive a Notice of Deficiency or did not otherwise have an opportunity to dispute the liability. § 6330(c)(2)(B); *Sego v. Commissioner*, 114 T.C. 604, 609 (2000).

Petitioner did not receive Notices of Deficiency for the years at issue. Accordingly, he had the opportunity to raise his underlying

---

[2] The First Circuit affirmed the Court's decision in Docket No. 22622-16, addressing 2013. *See Menge v. Werfel*, No. 22-1203 (1st Cir. Feb. 6, 2024). The First Circuit affirmed the Court's decision in Docket No. 12155-21L, addressing the proposed levy for 2013. *See Menge v. Werfel*, No. 23-1245 (1st Cir. Mar. 19, 2024).

[*4] liabilities during his CDP hearing. The Court considers an underlying liability only if the taxpayer properly raised the issue during the CDP hearing. *See Giamelli v. Commissioner*, 129 T.C. 107, 115 (2007); Treas. Reg. § 301.6330-1(f)(2), Q&A-F3. Petitioner did not raise the underlying liabilities for the years at issue during his CDP hearing. He continued to make an unsuccessful argument about how he should have an overpayment credit from 2013, even though his 2013 tax year had been finally adjudicated. Additionally, petitioner did not provide any information, including amended returns for the years at issue. Therefore, petitioner's underlying liabilities are not at issue.[3]

Our review is for abuse of discretion. *Sego*, 114 T.C. at 610.[4] An abuse of discretion occurs if Appeals exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." *Woodral v. Commissioner*, 112 T.C. 19, 23 (1999). The Court does not conduct an independent review and substitute its judgment for that of the settlement officer. *Murphy v. Commissioner*, 125 T.C. at 320. If the Appeals officer follows all statutory and administrative guidelines and provides a reasoned, balanced decision, the Court will not reweigh the equities. *Link v. Commissioner*, T.C. Memo. 2013-53, at *12.

Following the hearing, the Appeals officer must determine whether proceeding with the proposed levy action is appropriate. In making that determination the Appeals officer is required to take into consideration (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. § 6330(c)(3); *see also Lunsford v. Commissioner*, 117 T.C. 183, 184 (2001).

The second settlement officer did not abuse his discretion when sustaining the proposed levy. Petitioner failed to provide any of the

---

[3] Even if we concluded petitioner properly challenged his underlying liabilities, the outcome would not change. Petitioner provided no evidence to show that the amounts he reported as owed on his income tax returns for the years at issue were incorrect.

[4] Because the standard of review in this case is abuse of discretion, the scope of the Court's review is limited to the Administrative Record. *See Murphy v. Commissioner*, 125 T.C. 301, 313 n.6 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006). Petitioner's Exhibits were admitted for determining whether his underlying liabilities were properly raised at his CDP hearing.

**[\*5]** requested information, including Form 433–A.  *See McLaine v. Commissioner*, 138 T.C. 228, 243 (2012).

The second settlement officer properly performed the balancing test in concluding that petitioner was not entitled to a collection alternative.  The record also indicates that the second settlement officer verified that the requirements of any applicable law and administrative procedure were met in accordance with section 6330(c)(3).  Finding no abuse of discretion in any respect, we sustain the Notice of Determination issued October 25, 2023, with respect to petitioner's tax liabilities for the years at issue.

To reflect the foregoing,

*An appropriate decision will be entered.*